IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LAWRENCE L. HICKS,

    Plaintiff,

v.                     Civil Action Number 3:10cv402

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the United States' motion to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons set forth herein, the Court will grant the motion to dismiss pursuant to Rule 12(b)(1), as the Court is without jurisdiction over the subject matter of this case.

**I.    Background**

The Plaintiff, Lawrence L. Hicks ("the Plaintiff"), filed *pro se* a warrant in detinue in Henrico County General District Court alleging that property he values at $12,600.00 was improperly seized in 1994 by the Federal Bureau of Investigation ("FBI").[1] The Court construes the Plaintiff's claim as one for money damages for injury or loss of property in tort. *See Davis v. United States*, No. 3:05-MC-24-J-25HTS, 2005 WL 3455881 (M.D. Fla. Dec. 16, 2005) (construing an

---

[1] The FBI has no record of seizing items from Lawrence Hicks in 1994 or at any other time and has no record of being in possession of the items referenced in the warrant in detinue.

action for replevin and detinue under the Federal Tort Claims Act ("FTCA")). The Plaintiff's warrant in detinue named Michael Morehart ("Agent Morehart"), the Special Agent in Charge of the Richmond Division of the FBI, as the sole defendant. The United States, which noticed its substitution as the proper party defendant for Agent Morehart (Docket No. 2), removed the action to this Court on June 11, 2010 (Docket No. 1). On June 24, 2010, the United States filed the instant motion to dismiss (Docket No. 3).

The United States' motion to dismiss was accompanied by a proper notice to the *pro se* Plaintiff pursuant to Local Rule of Civil Procedure 7(k) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) ("*Roseboro* Notice") (Docket No. 5). This *Roseboro* Notice informed the Plaintiff that he was "entitled to file a response opposing the defendant's motion," and that "[t]he Court possesses the authority to dismiss this action on the basis of the defendant's motion if [he] do[es] not file a response." Def.'s *Roseboro* Notice, Docket No. 5 at 1. As of the date of this Memorandum Opinion, the Plaintiff has not filed any response, has not requested additional time in which to do so, and has not otherwise indicated any interest in opposing the Defendant's motion. The Court, therefore, will treat the Defendant's motion as unopposed, while also recognizing that a motion "will not be granted automatically simply because [it is unopposed]." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1190 (3d ed. West 2010).

**II.    Discussion**

The Plaintiff's action sounds in tort. The Plaintiff originally named Agent Morehart as the sole defendant, an employee of the FBI, an agency of the United States Department of Justice. When an individual employee of the United States acting within the scope of his employment allegedly causes injury or loss of property as a result of his negligence or wrongful act or omission,

the exclusive remedy available to a claimant is suit against the United States. *See* 28 U.S.C. § 2679(b)(1); *Leddy v. U.S. Postal Serv.*, 525 F. Supp. 1053, 1054 (E.D. Pa. 1981). Under this rule, an independent cause of action would exist against an individual employee of the United States only if he was acting beyond the scope of his employment. *See Leddy*, 525 F. Supp. at 1054. In his warrant in detinue, the Plaintiff does not allege that Agent Morehart was acting beyond the scope of his employment at the time of the alleged seizure.[2] Absent such an allegation, there is no cause of action against Agent Morehart, and the Plaintiff's exclusive remedy is a suit against the United States. Indeed, as previously noted herein, the United States properly noticed its substitution as the proper party defendant in this matter.

Tort actions against the United States must be brought under the FTCA, 28 U.S.C. § 1346(b) and § 2671 *et seq.*, which waives the United States' sovereign immunity from suit if the terms of the statute are met. Section 1346(b) provides, in part, that "[t]he district courts . . . shall have *exclusive* jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added). Thus, this statute expressly vests exclusive jurisdiction over such actions against the United States in federal district courts. Therefore, the state court was without subject matter jurisdiction of this case from its inception, and removal of the action by the United States did not cure the jurisdictional defect.

---

[2] Further, the United States has certified in its removal petition that at all times relevant to this action, Agent Morehart was acting within the scope of his employment, and the Plaintiff has not disputed this assertion.

*See Leddy*, 525 F. Supp. at 1055. It is well-established that the jurisdiction of the federal courts upon removal is derivative in nature, so that if a state court lacks jurisdiction over a case, the federal court acquires none upon removal. *Id.* This is true even though the federal court could have exercised jurisdiction if the suit had originally been brought before it. *Id.* (citing *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377 (1922); *Minnesota v. United States*, 305 U.S. 382 (1939); *Gleason v. United States*, 458 F.2d 171 (3d Cir. 1971)).

Moreover, removal by the United States from state court to federal district court does not constitute a waiver of the United States' objections to jurisdictional defects in the removal court. *Id.* Nor is removal tantamount to consent by the United States to be sued in the district court. *Id.* (citing *Minnesota*, 305 U.S. at 388-89; *Stapleton v. $2,438,110*, 454 F.2d 1210, 1217-18 (3d Cir. 1972), *cert. denied* 409 U.S. 894 (1972)). Therefore, as the state court lacked subject matter jurisdiction of this suit, this Court acquired none by virtue of removal, and the Plaintiff's claim must be dismissed for lack of subject matter jurisdiction.[3]

**III. Conclusion**

For the foregoing reasons, the Court will grant the United States' motion to dismiss pursuant to Rule 12(b)(1), and the Court will dismiss this matter for lack of subject matter jurisdiction. An appropriate Order shall issue.

<u>August 3, 2010</u>　　　　　　　　　　　　　　<u>　　　　　/s/　　　　　　</u>
DATE　　　　　　　　　　　　　　　　　　RICHARD L. WILLIAMS
　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Court need not, and does not, reach the United States' arguments in support of its motion to dismiss related to sovereign immunity or statute of limitations.